KING, Judge,
concurring.
Plaintiff contends that the judgment of the trial court ordering the Police Jury to issue him a liquor permit, rendered on May 11,1984, and subsequently affirmed by this court, on October 10, 1985, gave plaintiff a vested property right to a liquor permit as of May 11, 1984, prior to the Police Jury adopting a new Ordinance on December 17, 1984.
I agree with the majority that the judgment of May 11, 1984 did not create a vested property right to a liquor permit for the reasons stated and for the additional reason that the judgment was not final prior to the October 10, 1985. A final judgment is definitive when it has acquired the authority of the thing adjudged. LSA-C.C.P. Art. 1842. A judgment rendered by the Court of Appeal only becomes final and definitive in accordance with the provisions of law and depending upon an application for rehearing or writs and their final disposition. LSA-C.C.P. Art. 2166. The judgment of the Court of Appeal in favor of plaintiff, affirming the original trial court judgment, only became final after the new Police Jury ordinance was adopted and could have created no vested rights as a final judgment prior to that time.
For this additional reason I respectfully concur.